**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GORDMANS STORES, INC., *et al.*,[1] | ) ) ) | Case No. 17-80304 (TLS) |
| Debtors. | ) ) | (Jointly Administered) |

**DEBTORS' (I) REQUEST FOR AN EXPEDITED HEARING;**
**(II) REQUEST FOR SHORTENED NOTICE; AND (III) REQUEST**
**FOR EXPEDITED RULING WITH RESPECT TO CERTAIN**
**MOTIONS FILED BY THE DEBTORS, AS IDENTIFIED HEREIN**

Gordmans Stores, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully make this Request for Expedited Hearing, Request for Shortened Notice and Request for Expedited Ruling and state the following in support of these Requests[2]:

**Relief Requested**

1.    The Debtors seek entry of an order (the "Order"): (a) setting an expedited hearing on shortened notice with respect to (a) *Debtors' Motion for Authority and Approval of the Debtors' Key Employee Retention Program for Certain Non-Insider Employees and (II) Granting Related Relief* [Docket No. 375] (the "KERP Motion"); (b) *Debtors' Motion for Authority to File Under*

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, include: Gordmans Stores, Inc. (1987); Gordmans, Inc. (1211); Gordmans Management Company, Inc. (5281); Gordmans Distribution Company, Inc. (5421); Gordmans Intermediate Holdings Corp. (9938); and Gordmans LLC (1987). The location of the debtors' service address is: 1926 South 67th Street, Omaha, Nebraska 68106.

[2]    A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of James B. Brown in Support of First Day Motions* (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

1

*Seal an Exhibit to the Debtors' Motion for (I) Authority and Approval of the Debtors' Key Employee Retention Program for Certain Non-Insider Employee and (II) Granting Related Relief* [Docket No. 376] (the "Motion to Seal"); (c) *Debtors' Motion for an Order (I) Setting a Bar Date for Filing Proofs of Claim, Including Claims Arising Under Section 503(b)(9) of the Bankruptcy Code, (II) Setting a Bar Date for the Filing of Proofs of Claim by Governmental Units, (III) Setting a Bar Date for the Filing of Requests for Allowance of Administrative Expense Claims, (IV) Setting an Amended Schedules Bar Date, (V) Setting a Rejection Damages Bar Date, (VI) Setting Premise Liability Claims Bar Date, (VII) Approving the Form of and Manner for Filing Proofs of Claim, (VIII) Approving Notice of the Bar Dates, and (IX) Granting Related Relief* [Docket No. 378] (the "Bar Date Motion"); (d) *Debtors' Motion for Entry of an Order (I) Authorizing Rejection of Certain Unexpired Lease Effective Nunc Pro Tunc as of March 31, 2017 and (II) Related Relief* [Docket No. 379] (the "Lease Rejection Motion"); (e) *Debtors' Motion for Approval of Procedures to Reject Executory Contracts and Unexpired Leases* [Docket No. 380] (the "Lease Rejection Procedures Motion"); and (f) *Debtors' Motion for Approval of a Settlement with DSW Leased Business Division LLC d/b/a Affiliated Business Group Pursuant to Federal Rule of Bankruptcy Procedure 9019* [Docket No. 381] (the "DSW Settlement Motion"; the KERP Motion, the Motion to Seal, the Bar Date Motion, the Lease Rejection Motion, the Lease Procedures Motion and the DSW Settlement Motion are, collectively, the "Motions")[3], all as more particularly described herein; and (b) granting related relief. Specifically, the Debtors request that the United States Bankruptcy Court for the District of Nebraska (the "Court") shorten the notice period to five calendar days and set an expedited hearing date on or before April 28, 2017, to hear and consider the relief requested by the Motions.

---

[3] All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the related Motions.

4812-9804-3463.1

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the District of Nebraska (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Nebraska General Rule 1.5 of the United States District Court for the District of Nebraska. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are Section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(c) and 9013, and Rule 9006-1 of the Nebraska Rules of Bankruptcy Procedure (the "Local Rules").

**Background**

5. Gordmans Stores, Inc., together with its Debtor affiliates, is a retail company engaged in the sale of apparel, home goods, and other merchandise at over 100 stores in 22 states throughout the United States and through e-commerce operations. The Debtors are headquartered in Omaha, Nebraska.

6. On March 13, 2017 (the "Petition Date"), each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 20]. On March 15, 2017, the U.S. Trustee appointed a committee of unsecured creditors (the "Creditors'

Committee") [Docket No. 64]. No party has requested the appointment of a trustee or examiner in these chapter 11 cases.

## Basis for Relief

1. The Debtors entered into (a) the Asset Purchase Agreement dated as of March 31, 2017 by and among Specialty Retailers, Inc. (the "Purchaser") and the Debtors and (b) the Agency Agreement dated as of March 31, 2017 by and between the Debtors, a joint venture consisting of Tiger Capital Group, LLC and Great American Group WF, LLC (the "JV Agent") and Purchaser, to, among other things: (y) assign and transfer at least 50 and up to 57 of the Debtors' store locations, one of the distribution centers, and related assets and inventory to the Purchaser as a going concern; and (z) liquidate, through the JV Agent by conducting store closing sales, the remaining merchandise and inventory owned by the Debtors and dispose of certain furnishings, trade fixtures, and equipment with respect to the Debtors' liquidating stores and the Debtor's other distribution center (collectively, the "GOB Sales").

7. On April 6, 2017, the Court approved these transactions and entered *the Order Pursuant to Sections 105(a), 363, 365 and 554 of the Bankruptcy Code (I) Approving the Debtors' Entry into Agency Agreement and Asset Purchase Agreement, (II) Authorizing the Debtors to Sell Certain Merchandise Through Liquidation Sales, (III) Authorizing the Abandonment of Unsold Property, (IV) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, and (V) Granting Related Relief* [Docket Nos. 330 and 334].

8. The sale transactions closed on April 7, 2017 and since closing, (a) the GOB Sales have commenced and are continuing, (b) the process of assuming and assigning certain unexpired leases to the Purchaser has begun and is continuing and (c) the Debtors have (i) worked closely with the Purchaser and JV Agent to fulfill their post-closing obligations under the transaction documents and (ii) continue the orderly and efficient wind-down of their business operations.

4

9. The relief sought in each of the Motions is essential to preserving and maximizing value for the Debtors' estates and their stakeholders and effectuating an orderly wind-down of the Debtors' business operations.

## I. KERP Motion

10. As more particularly set forth in the KERP Motion, the Debtors' key employees are essential to their business and such employees' knowledge, experience, and expertise are crucial to both preserving operational stability and to maximizing estate value during the post-sale wind-down and plan confirmation process. Because the Debtors have sold substantially all of their assets and will not be restructuring as a going-concern business, the employees that are the subject of the KERP Motion do not have long-term employment prospects with the Debtors. Further, such employees have experience significantly increased workloads as a result of the requirements and obligations of the post-sale and wind-down process. These inescapable facts could, and has, led to higher attrition of key talent that is necessary for preservation and maximization of value through an orderly wind-down of the Debtors' business operations, which the Debtors believe would likely be mitigated by implementing the Key Employee Retention Program, as defined and set forth therein. It is imperative that the relief requested under the KERP Motion, including approval of the Key Employee Retention Program, be heard by the Court on an expedited basis with shortened notice and that an expedited ruling be issued to promote stability and give certainty to the Debtors that such program can be deployed to retain key employees during the critical wind-down period.

## II. Motion to Seal

11. As more particularly set forth in the Motion to Seal, Exhibit C to the KERP Motion includes confidential information that identifies each of the KERP Participants by job title and specifying the participants' current annual compensation and proposed award compensation. The

4812-9804-3463.1

relief sought in the Motion to Seal is inextricably intertwined with the relief sought in the KERP Motion. Therefore, hearing the Motion to Seal on an expedited basis with shortened notice and issuing an expedited ruling is truly in the best interests of the Debtors, their estates and all interested parties, particularly the KERP Participants, because it will allow the Court to review the proposed Key Employee Retention Program in its entirety, while also protecting the privacy of the KERP Participants, the confidentiality of such information from the Debtors' competitors and employee morale.

### III.  Bar Date Motion

12.  As more particularly set forth in the Bar Date Motion, the Debtors are seeking to fix certain claims bar dates, including a general claims bar date, governmental claims bar date, administrative claims bar date, amended schedules bar date, rejection damage claims bar date and premise liability claims bar date. The proposed bar dates are critical to preserving and maximizing value because they will allow the Debtors and other stakeholders, including the Committee, to ascertain the scope of claims asserted against the Debtors' estates. This is an essential step in the orderly wind-down of these cases and necessary to allow the Debtors to proceed expeditiously with formulating a disclosure statement and proposing a plan in these cases. Accordingly, it is necessary that the relief requested in the Bar Date Motion be heard by the Court on an expedited basis with shortened notice and that an expedited ruling be issued to allow the Debtors and their stakeholders to determine the most economical and efficient plan process.

### IV.  Lease Rejection Motion

13.  As more particularly set forth in the Lease Rejection Motion, the subject lease terminated, by its terms, on March 31, 2017 and the Debtors vacated and surrendered possession of the related premises to the landlord on such date. Therefore, rejection of such lease is only being requested out of an abundance of caution and to seek authority to abandon certain personal

property remaining on the subject premises that is burdensome to the Debtors because it has little to no value and the cost of removing such property would exceed any reasonable recovery on the sale thereof.  A hearing the Motion to Seal on an expedited basis with shortened notice and issuing an expedited ruling is truly in the best interests of the Debtors, their estates and all interested parties because the relief sought therein will allow the Debtors to preserve and maximize value by abandoning property that is burdensome to the Debtors' estates.

### V.     Lease Rejection Procedures Motion

14.     As more particularly set forth in the Lease Rejection Procedures Motion, as part of the Debtors' efforts to maximize value for their creditors and other stakeholders, the Debtors are working to eliminate administrative burdens on their estates during their wind-down process and have proposed the Rejection Procedures to streamline the rejection of certain executory contracts and unexpired leases.  The Debtors' estates will benefit from avoiding the burdens associated with the Debtors' continued performance under certain executory contracts that were required in connection with the operation of the Debtors' business in the ordinary course but will not be required during the wind-down.

15.     Specifically, the JV Agent has advised the Debtors (as required by the operative sale transaction documents) that the GOB Sales at the 20 stores identified on **Exhibit A** hereto are anticipated to conclude on or before April 29, 2017.[4]  Accordingly, pursuant to the proposed Rejection Procedures, the Debtors may seek to reject some or all of the unexpired leases for such stores effective as early as April 30, 2017, in order to preserve and maximize value by avoiding

---

[4] The list attached as **Exhibit A** is included only to provide notice to parties in interest that the leases relating to the stores identified therein *may* be the subject of a rejection notice in the near term.  Nothing in this Motion, the Rejection Procedures Motion, or the attached **Exhibit A** is intended to be or should be construed as indicating that the Debtors intend to or request approval to reject such leases at the present time and the Debtors expressly reserve all rights under and to such leases and the Bankruptcy Code until a decision regarding the assumption or rejection of each of the subject leases is made.

the continued expenses associated with performing under such leases. As a result, it is imperative that the relief requested in the Lease Rejection Procedures Motion be heard by the Court on an expedited basis with shortened notice and that an expedited ruling be issued to allow the Debtors to utilize the proposed Rejection Procedures as early as April 30, 2017.

**VI.     DSW Settlement Motion**

16.     As more particularly set forth in the DSW Settlement Motion and as previewed with the Court at the hearing on March 5, 2017, the Debtors, DSW Leased Business Division LLC d/b/a Affiliated Business Group (together with its affiliates, successors and assignees, collectively, "DSW"), the JV Agent and the Purchaser have reached consensual terms to settle certain objections, reservation of rights and a motion to lift the automatic stay filed by DSW in these cases, all as more particularly described in the DSW Settlement Motion. The Debtors believe the settlement is fair, equitable, and in the best interests of their estates and will further the Debtors' goals and responsibilities with respect to preserving and maximizing the value for their estates. Accordingly, a hearing the DSW Settlement Motion on an expedited basis with shortened notice and issuing an expedited ruling is truly in the best interests of the Debtors, their estates and all interested parties because the relief sought therein will allow the Debtors to preserve and maximize value through the terms of the proposed settlement.

## Conclusion

17.     Simply put, without an expedited hearing, shortened notice and an expedited ruling on these matters, the Debtors' ability to preserve and maximize the value of their assets will be significantly constrained. As with many matters in these cases, the expedited relief sought in the Motions is necessitated by the Debtors' urgent financial situation and the narrow operating margins in these cases that directly drive the recovery to all stakeholders, particularly the unsecured creditors. However, notwithstanding the expedited relief requested, the terms of the substantive

relief sought in each of the Motions was crafted to balance the goals of ensuring that all parties in interest receive adequate notice of the Motions, with the need to move quickly to obtain the greatest recovery possible to the Debtors' creditors.

18.     The Debtors respectfully assert that the requested relief is consistent with what is provided for pursuant to Neb. R. Bank. P. 9006-1(A) and is necessary to ensure that the Debtors maximize the value of their estates. The requested expedited hearing, shortened notice and expedited relief are reasonably calculated to preserve, maintain and protect the value of the Debtors' assets and estate.

19.     Accordingly, the Debtors' seek a shortened notice period with respect to each of the Motions and an expedited hearing, and expedited ruling, on each of the Motions to preserve and maximize value for the Debtors' estates and their stakeholders and effectuate an orderly wind-down of the Debtors' business operations. Specifically, the Debtors request that the notice period be shortened to five calendar days and an expedited hearing be scheduled for April 28, 2017, or as soon thereafter as the Court's calendar allows, with respect to the Motion.

## Reservation of Rights

20.     Nothing contained in this motion or any actions taken by the Debtors pursuant to relief granted in the Order is intended or should be construed as a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

## Notice

21.     The Debtors will provide notice of this motion to the following parties or their respective counsel, if known: (a) the Office of the United States Trustee for the District of Nebraska; (b) counsel to the Official Committee of Unsecured Creditors; (c) the state attorneys general for states in which the Debtors conduct business; (d) the Nebraska Department of Revenue; (e) the Office of the United States Attorney for the District of Nebraska; (f) the Internal Revenue

4812-9804-3463.1

Service; (g) the Securities and Exchange Commission; (h) co-counsel to the administrative agent, (i) Riemer Braunstein LLP, Seven Times Square, Suite 2506, New York, New York 10036, Attn: Steven Fox and Donald E. Rothman, (ii) Greenberg Traurig, LLP, One International Place, Suite 2000, Boston, Massachusetts 02110, Attn: Jeffrey M. Wolf, and (iii) Croker Huck Kasher DeWitt Anderson & Gonderinger, L.L.C., 2120 South 72nd Street, Suite 1200, Omaha, Nebraska 68124, Attn: Robert Gonderinger; (i) counsel to the JV Agent, Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, New York 10019, Attn: Scott K. Charles and Neil M. Snyder; (j) co-counsel to the Purchaser, (i) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019, Attn: Paul H. Zumbro and Matthew T. Kelly, and (ii) McGrath North Mullin & Kratz, PC LLO, First National Tower, Suite 3700, 1601 Dodge Street, Omaha, Nebraska 68102, Attn: Douglas E. Quinn; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

22. No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Omaha, Nebraska<br>Dated:  April 21, 2017 | /s/ *Lisa M. Peters*<br>Lisa M. Peters (Nebraska Bar No. 24546)<br>Jeffrey T. Wegner (Nebraska Bar No. 18265)<br>**KUTAK ROCK LLP**<br>The Omaha Building<br>1650 Farnam Street<br>Omaha, Nebraska 68102<br>Telephone:    (402) 346-6000<br>Facsimile:    (402) 346-1148<br><br>-and-<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Brad Weiland (admitted *pro hac vice*)<br>Jamie R. Netznik (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:    (312) 862-2200<br><br>*Co-Counsel to the Debtors and Debtors in Possession* |

4812-9804-3463.1

## EXHIBIT A

### STORES WITH GOB SALES ENDING ON APRIL 30, 2017

| Store No. | Address | City | State | Zip Code |
|---|---|---|---|---|
| 11 | 3000 NW 59th St | Oklahoma City | OK | 73112 |
| 17 | 2616 S Shackleford Rd. | Little Rock | AR | 72205 |
| 25 | 320 THF Boulevard | Chesterfield | MO | 63005 |
| 31 | 1887 S. Yale | Tulsa | OK | 74112 |
| 35 | 10755 W Colfax Ave | Lakewood | CO | 80215 |
| 37 | 701 North Milwaukee Ave | Vernon Hills | IL | 60061 |
| 38 | 360 N. Station Parkway | Farmington | UT | 84025 |
| 40 | 2639 Aurora Ave | Naperville | IL | 60540 |
| 64 | 13617 Washington St | Kansas City | MO | 64145 |
| 66 | 1960 Adams St | Mankato | MN | 56001 |
| 74 | 2281 N Germantown Pkwy | Cordova | TN | 38016 |
| 90 | 1663 County Rd B2 West | Roseville | MN | 55113 |
| 108 | 7220 S Union Park Ave | Midvale | UT | 84047 |
| 110 | 6600 Menaul Blvd NE | Albuquerque | NM | 87110 |
| 111 | 3550 NM 528 | Albuquerque | NM | 87114 |
| 122 | 1001 E. Parkcenter Blvd | Boise | ID | 83706 |
| 125 | 1982 W Grand River, Building 1 | Lansing (Okemos) | MI | 48864 |
| 126 | 7605 Market Place Drive | Bainbridge | OH | 44202 |
| 129 | 800 Southdale Center | Edina | MN | 55435 |
| 130 | 1680 Briargate Blvd., Suite 100 | Colorado Springs | CO | 80920 |

4812-9804-3463.1