# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **GORDMANS STORES, INC.,** *et al.*,[1] | ) | Case No. 17-80304 (TLS) |
| | ) | |
| **Debtors.** | ) | (Jointly Administered) |

## MOTION FOR ALLOWANCE AND IMMEDIATE
## PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

ARC QSOKCOK001, LLC (the "Landlord"), by and through its undersigned counsel, hereby moves for allowance and immediate payment of an administrative expense claim in the amount of $50,868.13, pursuant to Bankruptcy Code Sections U.S.C. §§ 365(d)(3), 503(a), 503(b)(1)(A) and 507(a)(2) (the "Motion"). Landlord respectfully states as follows in support of the Motion:

### JURISDICTION AND VENUE

1.  Jurisdiction is based on 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for relief sought herein are Bankruptcy Code Sections 365(d)(3), 503(a), 503(b)(1)(A), and 507(a)(2).

### BACKGROUND

2.  On March 13, 2017 (the "Petition Date"), Gordmans, Inc. and its affiliated debtors (collectively, the "Debtors") filed the instant Chapter 11 cases. The Debtors have continued to operate their business and manage their properties as debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108. No trustee or examiner has been appointed. An official committee of unsecured creditors was appointed on March 15, 2017.

3.  Landlord files this Request pursuant to the Court's May 5, 2017 order setting an administrative bar date of June 5, 2017 (Docket No. 428).

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, include: Gordmans Stores, Inc. (1987); Gordmans, Inc. (1211); Gordmans Management Company, Inc. (65281); Gordmans Distribution Company, Inc. (5421); Gordmans Intermediate Holdings Corp. (9938); and Gordmans LLC (1987). The location of the debtors' service address is: 1926 South 67th Street, Omaha, Nebraska, 68106.

4. The Landlord and the Debtors are parties to that certain non-residential real property Lease dated as of April 14, 2003 (as amended, extended, or modified, the "Lease"). The Lease covers premises located at 2201 West Memorial Road, Oklahoma City, OK (the "Premises"), and commonly known as the Village at Quail Springs. From and after the Petition Date through the lease rejection date of May 15, 2017 (the "Rejection Date") (Docket No. 431), the Debtors continued to lease the Premises from Landlord pursuant to the terms of the Lease.

5. Under the terms of the Lease, the Debtors are required to make certain payments to Landlord arising out of their use and occupancy of the Premises. These payments include such items as rent and related charges, common area maintenance obligations, real property taxes, and all other charges imposed by the Lease, including year-end adjustments and reconciliations for charges that are paid on an estimated basis. The Debtors have not paid all obligations that have arisen or accrued during the post-petition period, and certain amounts remain due and owing for the period from the Petition Date through and including the Rejection Date. The Landlord is entitled to an administrative expense claim for such obligations in the amount of $50,868.13, as set forth in greater detail on the attached Exhibit A, plus indemnity obligations, amounts subject to setoff and/or recoupment and attorneys' fees.

**RELIEF REQUESTED**

6. By this Motion, Landlord requests allowance and immediate payment of $50,868.13, for payment obligations arising or accruing under the Lease between the Petition Date and Rejection Date pursuant to Bankruptcy Code Sections 365(d)(3), 503(a), 503(b)(1)(A), and 507(a)(2).

7. Section 365(d)(3) of the Bankruptcy Code, protects non-residential real property landlords from having to endure such prejudice, providing:

> The trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(d)(3). The plain language of Section 365(d)(3) and the relevant case law clearly requires the Debtors' immediate payment of all rents and related charges that arise post-petition as an administrative expense of these estates.

8. Section 503(b)(1) provides for an administrative expense claim for "the actual, necessary costs and expenses of preserving the estate. *See* 11 U.S.C. § 503(b)(1). A landlord's administrative claim under Section 503(b)(1) is equal to the lease contract rate. *See* ZB Company, 302 B.R. at 319 (contract rate is presumed to be the fair rental value."). Section 507(a) of the Bankruptcy Code provides that administrative expense claims that are allowed under section 503(b) of the Bankruptcy Code have first priority. See 11 U.S.C. §507(a)(2). The Debtors benefited from the post-petition use and occupancy of the Premises, including being able to conduct non-ordinary course store closing sales for the direct benefit of themselves and their lenders.

9. The Debtors are also obligated to reimburse Landlord for the reasonable attorneys' fees and costs incurred to enforce the Debtors' obligations under the Lease. Landlord is entitled to seek recovery of its attorneys' fees and costs incurred in connection with this Motion, and any other post-petition fees and costs which are provided for under the Lease. The fact that a landlord uses bankruptcy procedures to enforce a lease should not preclude recovery of attorneys' fees and costs for such enforcement activity (particularly where the Bankruptcy Court is the exclusive forum where the landlord can obtain any relief, being foreclosed from state court relief by the automatic stay). In re Crown Books Corporation, 269 B.R. 12 (Bankr. D. Del. 2001); Urban Retail Properties v. Loews Cineplex Entertainment Corporation, et al., 2002 WL 5355479 (S.D.N.Y. Apr. 9, 2002) (where lease "provides for recovery of attorneys' fees and interest, their receipt deserves the same priority under Section 365(d)(3) as any of the debtors' other obligations that arise postpetition ... ."); Three Sisters Partners, L.L.C. v. Harden (In re Shangra-La, Incorporated), 167 F.3d 843, 850 (4th Cir. 1999). The Supreme Court has upheld the enforceability of such attorneys' fees clauses, ruling that pre-petition attorneys' fee clauses were enforceable with respect to issues peculiar to bankruptcy law. Travelers Casualty & Surety Co. Of America v. Pacific Gas & Electric, 127 S. Ct. 1199, 1206 (2007).

## CONCLUSION

WHEREFORE, Landlord hereby requests entry of an order granting allowance and immediate payment of Landlord's administrative expense claim pursuant to Bankruptcy Code Sections 365(d)(3), 503(a), 503(b)(l)(A), and 507(a)(2), in the amount of $50,868.13, and that it be granted such other and further relief as the Court deems just and appropriate.

Dated: June 2, 2017                        **BALLARD SPAHR LLP**

                                                By: _/s/ Dustin P. Branch_
                                                Dustin P. Branch, admitted *pro hac vice*
                                                2029 Century Park East, Suite 800
                                                Los Angeles, California 90067-2909
                                                Telephone: 424.204.4400
                                                Facsimile: 424.204.4350
                                              E-mail: branchd@ballardspahr.com

                                                           - and -

                                              /s/ Patrick R. Turner
                                              Patrick R. Turner (NE Bar No. 23461)
                                              Stinson Leonard Street, LLP
                                              1299 Farnam Street, Suite 1500
                                              Omaha, Nebraska 68102
                                              Telephone: 402.342.1700
                                              Facsimile: 402. 342.1701
                                              E-mail: patrick.turner@stinson.com

                                              *Counsel for Landlord Creditor*
                                              *ARC QSOKCOK001, LLC*