**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GORDMANS STORES, INC., *et al.*,[1] | ) ) | Case No. 17-80304 (TLS) |
| Debtors. | ) ) ) | (Jointly Administered) |
| | ) | Re: Docket No. **751** |

**DEBTORS' (I) REQUEST FOR AN EXPEDITED HEARING;
(II) REQUEST FOR SHORTENED NOTICE; AND (III) REQUEST FOR
EXPEDITED RULING WITH RESPECT TO DEBTORS' MOTION FOR
AUTHORITY TO ENTER INTO NEW REAL PROPERTY LICENSE AGREEMENT**

G-Estate Liquidation Stores, Inc., formerly known as Gordmans Stores, Inc., and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully make this Request for Expedited Hearing, Request for Shortened Notice and Request for Expedited Ruling and state the following in support of these Requests[2]:

**Relief Requested**

1.  The Debtors seek entry of an order (the "Order"): (a) setting an expedited hearing on shortened notice with respect to *Debtors' Motion for Authority to Enter Into a New Real*

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, include: G-Estate Liquidation Stores, Inc., formerly known as Gordmans Stores, Inc. (1987); G-Estate Liquidation, Inc., formerly known as Gordmans, Inc. (1211); G-Estate Liquidation Management Company, Inc., formerly known as Gordmans Management Company, Inc. (5281); G-Estate Liquidation Distribution Company, Inc., formerly known as Gordmans Distribution Company, Inc. (5421); G-Estate Liquidation Intermediate Holdings Corp., formerly known as Gordmans Intermediate Holdings Corp. (9938); and G-Estate Liquidation, LLC, formerly known as Gordmans LLC (1987). The location of the debtors' service address is: 1926 South 67th Street, Omaha, Nebraska 68106.

[2] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of James B. Brown in Support of First Day Motions* [Docket No. 14] (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

1

4835-6073-9915.2

*Property License Agreement* [Docket No. 751] (the "Motion")[3], as more particularly described herein; and (b) granting related relief. Specifically, the Debtors request that the United States Bankruptcy Court for the District of Nebraska (the "Court") shorten the notice period to ten (10) calendar days and set an expedited hearing date on or before July 13, 2017, to hear and consider the relief requested by the Motion.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of Nebraska (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Nebraska General Rule 1.5 of the United States District Court for the District of Nebraska. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are Section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(c) and 9013, and Rule 9006-1 of the Nebraska Rules of Bankruptcy Procedure (the "Local Rules").

## Background

5. G-Estate Liquidation Stores, Inc., formerly known as Gordmans Stores, Inc., together with its Debtor affiliates, are historically a retail company engaged in the sale of apparel, home goods, and other merchandise throughout the United States. The Debtors are headquartered in Omaha, Nebraska.

---

[3] All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

2

6. On March 13, 2017 (the "Petition Date"), each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 20]. On March 15, 2017, the United States Trustee for the District of Nebraska (the "U.S. Trustee") appointed a committee of unsecured creditors [Docket No. 64]. No party has requested the appointment of a trustee or examiner in these chapter 11 cases.

## Basis for Relief

7. Since the Petition Date, the Debtors have sought and obtained approval of a sale of substantially all of its assets through (a) liquidation sales (the "GOB Sales") conducted by a joint venture comprised of Tiger Capital Group, LLC and Great American Group WF, LLC at certain of the Debtors' retail locations, one of the Debtors' distribution centers, and the Debtors' corporate headquarters (the "Headquarters"), and (b) a going concern sale transaction with Specialty Retailers, Inc. (the "Purchaser"), pursuant to an Asset Purchase Agreement dated as of March 31, 2017 (the "Asset Purchase Agreement") among the Purchaser, as purchaser, and the Debtors, as sellers, whereby the Purchaser acquired, among other property, designation rights to the leases at certain of the Debtors' retail locations and one of the Debtors' distribution facilities and the merchandise, inventory, furniture, fixtures, equipment and other personal property owned by the Debtors located at the foregoing stores and distribution center (collectively, the "Acquired Assets"). The foregoing sale transactions closed on April 7, 2017.

8. The Asset Purchase Agreement requires the Debtors to provide certain transition and central services to the Purchaser until July 31, 2017 to assist the Purchaser in integrating the Acquired Assets and operations at the retail locations into the Purchaser's system and overall

3

operations. As part of the foregoing obligations, the Debtors must continue to perform under the lease relating to the Headquarters until July 31, 2017. As of the date hereof, the Debtors are continuing to occupy both the Headquarters and provide the required transition and central services to the Purchaser, and have not rejected the lease for the Headquarters.

9. Because the Debtors are still actively occupying and using the Headquarters, as required by the Asset Purchase Agreement, the GOB Sales at the Headquarters has not yet commenced and is expected to occur midway through July 2017, with all sold items removed from the Headquarters on or before July 31, 2017.

10. As more particularly described in the Motion, the Debtors intend to vacate the Headquarters on or before July 31, 2017 and have located replacement office space to use during the remaining wind-down of the Debtors' business operations and these chapter 11 cases. To minimize disruption to the Debtors' wind-down operations, ensure a smooth transition into the new office space, and allow for an orderly liquidation sale to take place at the Headquarters during the latter half of July 2017, the Debtors intend to move into the replacement office space on or after July 15, 2017.

11. Accordingly, it is imperative that the relief requested under the Motion be granted on or before July 14, 2017 so that the Debtors may proceed with moving into the new replacement office space shortly thereafter to facilitate a smooth transition with minimal disruption to its business and wind-down operations. Hearing the Motion on an expedited basis with shortened notice and issuing an expedited ruling is truly in the best interests of the Debtors, their estates and all interested parties, including lenders, trade creditors, vendors, employees, landlords and all other creditors, because it will allow the Debtors to continue an orderly wind-down process and preserve

4

value for all creditors by reducing postpetition expenses and administrative claims through the cost-savings to be achieved in connection with the new office space license.

12. The Debtors respectfully assert that the requested relief is consistent with what is provided for pursuant to Neb. R. Bank. P. 9006-1(A) and is necessary to ensure that the Debtors continue to maximize value by reducing operating expenses during the wind-down period and minimizing disruption to their operations on account of the transition. The requested expedited hearing, shortened notice and expedited relief are reasonably calculated to preserve, maintain and protect the value of the Debtors' assets and estate.

13. Accordingly, the Debtors' seek a shortened notice period with respect to the Motion and an expedited hearing, and expedited ruling, on the Motion to preserve and maximize value for the benefit of the Debtors' creditors and other parties in interest. Specifically, the Debtors request that the notice period be shortened to ten (10) calendar days and an expedited hearing be scheduled for July 13, 2017, or as soon thereafter as the Court's calendar allows, with respect to the Motion.

## **Reservation of Rights**

14. Nothing contained in this motion or any actions taken by the Debtors pursuant to relief granted in the order is intended or should be construed as a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

## **Notice**

15. The Debtors will provide notice of this motion to the following parties or their respective counsel, if known: (a) the Office of the United States Trustee for the District of Nebraska; (b) counsel to the creditors' committee; (c) the state attorneys general for states in which the Debtors conduct business; (d) the Nebraska Department of Revenue; (e) the Office of the United States Attorney for the District of Nebraska; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) co-counsel to the administrative agent, (i) Riemer

Braunstein LLP, Seven Times Square, Suite 2506, New York, New York 10036, Attn: Steven Fox and Donald E. Rothman, (ii) Greenberg Traurig, LLP, One International Place, Suite 2000, Boston, Massachusetts 02110, Attn: Jeffrey M. Wolf, and (iii) Croker Huck Kasher DeWitt Anderson & Gonderinger, L.L.C., 2120 South 72nd Street, Suite 1200, Omaha, Nebraska 68124, Attn: Robert Gonderinger; (i) counsel to the Stalking Horse Agent, Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, New York 10019, Attn: Scott K. Charles and Neil M. Snyder; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. A copy of this Motion is also available on the website of the Debtors' notice and claims agent at http://dm.epiq11.com/Gordmans. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

16. No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Omaha, Nebraska<br>Dated: July 3, 2017 | */s/ Lisa M. Peters*<br>Lisa M. Peters (Nebraska Bar No. 24546)<br>Jeffrey T. Wegner (Nebraska Bar No. 18265)<br>**KUTAK ROCK LLP**<br>The Omaha Building<br>1650 Farnam Street<br>Omaha, Nebraska 68102<br>Telephone:    (402) 231-8814<br>Facsimile:    (402) 346-1148<br><br>-and-<br><br>Patrick J. Nash, Jr., P.C. (*pro hac vice* pending)<br>Brad Weiland (*pro hac vice* pending)<br>Jamie R. Netznik (*pro hac vice* pending)<br>**KIRKLAND & ELLIS LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:    (312) 862-2200<br><br>*Co-Counsel to the Debtors and Debtors in Possession* |

4835-6073-9915.2