**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEBRASKA**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **GORDMANS STORES, INC.,** *et al.*,[1] | Case No. 17-80304 (TLS) |
| | (Jointly Administered) |
| **Post-Effective Date Debtors.** | |

**MOTION FOR ENTRY OF AN ORDER**
**EXTENDING THE CLAIMS OBJECTION BAR DATE**

G-Estate Liquidation Stores, Inc., formerly known as Gordmans Stores, Inc., and its debtor affiliates in the above-captioned chapter 11 cases (collectively, the "Post-Effective Date Debtors"), by and through META Advisors LLC, in its capacity as plan administrator (the "Plan Administrator"), hereby move (the "Motion") this Court for an entry of an order extending the Claims Objection Bar Date (as defined below) for approximately 120 days, from May 14, 2018 to September 11, 2018. In support of this Motion, Post-Effective Debtors respectfully state:[2]

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Article XI of the Debtors' confirmed chapter 11 plan [Docket No. 912] (the "Plan").

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: G-Estate Liquidation Stores, Inc., formerly known as Gordmans Stores, Inc. (1987); G-Estate Liquidation, Inc., formerly known as Gordmans, Inc. (1211); G-Estate Management Company, Inc., formerly known as Gordmans Management Company, Inc. (5281); G-Estate Distribution Company, Inc., formerly known as Gordmans Distribution Company, Inc. (5421); G-Estate Intermediate Holdings Corp., formerly known as Gordmans Intermediate Holdings Corp. (9938); and G-Estate Liquidation, LLC, formerly known as Gordmans LLC (1987) (collectively, before the Plan Effective Date (defined herein), the "Debtors").

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan (defined herein).

1

Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought in this Motion are sections 105, 502, and 503 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Article I.A.24 of the Plan (defined herein).

## BACKGROUND

4. On March 13, 2017 (the "Petition Date"), the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nebraska (this "Court"). From and after the Petition Date, the Debtors continued to operate as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. This Court entered an order jointly administering these chapter 11 cases on the Petition Date [Docket No. 20].

5. On May 5, 2017, this Court entered the *Order (I) Setting a Bar Date for Filing Proofs of Claim, Including Claims Arising Under Section 503(b)(9) of the Bankruptcy Code, (II) Setting a Bar Date for the Filing of Proofs of Claims by Governmental Units, (III) Setting a Bar Date for the Filing of Requests for Allowance of Administrative Expense Claims, (IV) Setting an Amended Schedules Bar Date, (V) Setting a Rejection Damages Bar Date, (VI) Setting a Premise Liability Claims Bar Date, (VII) Approving the Form and Manner for Filing Proofs of Claim, (VIII) Approving Notice of the Bar Dates, and (IV) Granting Related Relief* [Docket No. 428] (the "Bar Date Order"). The Bar Date Order established, among other things, (i) June 5, 2017 at 4:00 p.m., prevailing Central Time, as the last date for persons or entities other than governmental units to file proofs of prepetition claims, including administrative expense claims arising pursuant to section 503(b)(9) of the Bankruptcy Code; (ii) June 5, 2017 at

4:00 p.m., prevailing Central Time, as the last date to file a request for payment of administrative claims arising between the Petition Date and June 5, 2017 that are not claims for fees and expenses of retained professionals, claims under section 503(b)(9) of the Bankruptcy Code, and claims held by governmental entities covered by section 503(b)(1)(B) and (C) of the Bankruptcy Code; and (iii) September 11, 2017 at 4:00 p.m., prevailing Central Time, as the last date for governmental units to file proofs of claim.

6. On October 18, 2017, this Court entered the *Order (I) Approving the Adequacy of Disclosure Statement for the Debtors' Joint Plan of Liquidation and (II) Confirming Debtors' Modified Joint Chapter 11 Plan* [Docket No. 1036] (the "Confirmation Order"), which, among other things confirmed the *Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan").

7. The effective date of the Plan occurred on November 15, 2017 [Docket No. 1057] (the "Plan Effective Date"). Pursuant to the Plan, the Plan Administrator was appointed on the Plan Effective Date.

8. Under the Plan, the Plan Administrator is authorized and empowered to (i) determine which Claims should be allowed, (ii) prosecute and resolve objections to Disputed Claims, and (iii) administer and adjust the Claims Register. *See* Plan, Art. VII.B.

9. Articles V.A.24 and VII.E provide that any objections to Claims or Interests shall be Filed on or before the first business day that is 180 days after the Plan Effective Date, subject to extension by an order of the Bankruptcy Court upon motion filed by the Plan Administrator. *See* Plan, Arts. V.A.24 and VII.E. The current Claims Objection Bar Date is May 14, 2018.

10. Since its appointment, the Plan Administrator has worked diligently to reconcile all Filed Claims and scheduled Claims. As of the filing of this Motion, the Post-Effective Date Debtors, through the Plan Administrator, have filed three omnibus objections to Claims, which have narrowed the number of unresolved Claims. The Post-Effective Date Debtors are also preparing to file additional omnibus objections to Claims in the near term. In addition, the Plan Administrator has resolved and settled a number of Claims outside the objection process.

11. Although the Plan Administrator has been expeditiously working to reconcile Claims, and progress has been made since the Plan Effective Date, additional time is needed to effectively reconcile and resolve the remaining Claims.

## RELIEF REQUESTED

12. By this Motion, the Post-Effective Date Debtors request that the Court extend the Claims Objection Bar Date to September 11, 2018, without prejudice to the Post-Effective Date Debtors' right to request further extensions.

## BASIS FOR RELIEF

13. Although the Plan sets an initial deadline by which objections to Claims must be raised, the Plan also expressly contemplates extension of the Claims Objection Bar Date by order of the Bankruptcy Court. Art. V.A.24

14. Bankruptcy Rule 9006(b) permits bankruptcy courts to extend deadlines providing, in relevant part, that:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ... with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b).  Further, section 105 of the Bankruptcy Code provides that bankruptcy courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. See 11 U.S.C. § 105(a).

15. The Post-Effective Date Debtors respectfully submit that cause exists to extend the Claim Objection Bar Date to September 11, 2018 because the requested extension is necessary to the efficient administration of the Estates and in the best interests of creditors.

16. Nearly 1,200 Claims have been filed against the Debtors. As discussed above, the Plan Administrator has been working diligently since the Plan Effective Date on reconciling these Claims, filing omnibus objections to Claims and also working informally with creditors on the reconciliation and resolution of Claims. However, the claims reconciliation, as well as, the various other matters arising the post-confirmation administration of the Estates is time consuming. To ensure the fair and proper administration of the Estates, additional time is needed to analyze the remaining Claims, to file objections, if necessary, and to reach a consensual resolution, where possible.

17. The requested extension of the Claims Objection Bar Date will not prejudice any claimant or other party in interest; nor is such extension sought for purposes of delay. Rather, the extension will afford the Plan Administrator the additional time it needs to properly evaluate the remaining Claims, to ensure the claims reconciliation process is completed in a fair and thorough manner and no creditor obtains an improper or unwarranted recovery, and, ultimately, to further the goal of preserving value for creditors.

## **RESERVATION OF RIGHTS**

18. The Post-Effective Date Debtors and the Plan Administrator expressly reserve the right to seek further extensions of the Claims Objection Bar Date as appropriate.

## NOTICE

19.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee for Region 13, and (ii) those parties that have requested notice pursuant to Bankruptcy Rule 2002, as required under the Plan. In light of the procedural nature of the post-confirmation relief requested herein, the movant submits that such notice is sufficient under the circumstances and that no other or further notice is required.

## NO PRIOR MOTION

20.     No previous motion for the relief sought herein has been made to this or any other court.

WHEREFORE, for the reasons stated, the Post-Effective Date Debtors respectfully request that this Court enter an order: (i) extending the Claims Objection Bar Date to September 11, 2018, without prejudice to the Post-Effective Date Debtors' right to seek additional extensions of such deadline as appropriate; and (ii) granting such other and further relief as the Court may deem just and proper.

[*Signature page follows*]

Dated:  April 19, 2018

Respectfully submitted,

*/s/ Douglas L. Lutz*
Douglas L. Lutz, Esq. (admitted *pro hac vice*)
Ohio Bar No. 0064761
Erin Severini, Esq. (admitted *pro hac vice*)
Ohio Bar No. 0091487
**FROST BROWN TODD LLC**
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
513-651-6800 Telephone
513-651-6981 Facsimile
dlutz@fbtlaw.com
eseverini@fbtlaw.com

 -and-

Brian J. Koenig, #23807
**KOLEY JESSEN P.C., L.L.O.**
1125 South 103rd Street, Suite 800
Omaha, NE 68124
(402) 390-9500 Telephone
(402) 390-9005 Facsimile
Brian.Koenig@koleyjessen.com

***Counsel to the Post-Effective Date Debtors and Plan Administrator***

## CERTIFICATE OF SERVICE

      I hereby certify that on April 19, 2018, a copy of the foregoing was served electronically through the court's ECF System to all CM/ECF system participants and on the following via regular U.S. Mail:

United States Trustee for Region 13
Attn: Jerry L. Jensen and Patricia D. Fahey
Roman L. Hruska U.S. Courthouse
111 S 18th Plaza Ste. 1148
Omaha, Nebraska 68102

                                                   */s/ Douglas L. Lutz*