## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Gordmans Stores, Inc., et al., | ) | Chief Judge Thomas L. Saladino |
| | ) | |
| Post-Effective Date Debtors | ) | Case No. 17-80304 (TLS) |
| | ) | (Jointly Administered) |
| ─────────────────────── | ) | |
| | ) | |
| META Advisors LLC on behalf of G-Estate | ) | |
| Management Company, Inc. (f/k/a Gordmans | ) | |
| Management Company, Inc.), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Pro. Nos.: See Attached Exhibit |
| vs. | ) | 2 |
| | ) | |
| DEFENDANTS LISTED ON EXHIBIT 2, | ) | |
| | ) | |
| Defendants. | ) | |
| ─────────────────────── | ) | |

## ORDER GRANTING MOTION FOR ORDER ESTABLISHING PROCEDURES GOVERNING ADVERSARY PROCEEDINGS PURSUANT TO SECTIONS 502, 544, 547, 548, 549 AND/OR 550 OF THE BANKRUPTCY CODE

Upon consideration of the *Motion for Order Establishing Procedures Governing Adversary Proceedings Pursuant to Sections 502, 544, 547, 548, 549 and/or 550 of the Bankruptcy Code* (the "Motion")[1] for entry of a procedures order (the "Procedures Order") establishing streamlined procedures, as set forth on Exhibit 1 hereto, governing all adversary proceedings commenced by the Plan Administrator on behalf of the Post-Effective Date Debtors pursuant to sections 502, 544, 547, 548, 549 and/or 550 of title 11 of the Bankruptcy Code; and the Court having jurisdiction to consider the Motion and to grant the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the matter being a core proceeding under 28 U.S.C. § 157(b)(2); and venue being proper under 28 U.S.C. §§ 1408 and 1409; and due and proper

---

[1] Capitalized terms used but not otherwise defined shall have the meanings ascribed to such terms in the Motion.

notice having been given to all persons that are currently or may be defendants in the Avoidance Actions as listed on Exhibit 2 (each a "Defendant", and collectively, the "Defendants"); and all other parties having been provided good and sufficient notice of the Motion; and it appearing that no other or further notice need be provided; and approval of the Motion being in the best interests of the Plan Administrator, creditors and all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

## ORDERED, ADJUDGED AND DECREED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The procedures governing all parties to the Avoidance Actions, which procedures are attached hereto as Exhibit 1 (the "Avoidance Action Procedures"), are hereby approved and shall govern the Avoidance Actions, effective as of the date of this Procedures Order; provided, however, that the Avoidance Action Procedures shall not apply to any adversary proceeding in which the complaint initiating such adversary proceeding states that such procedures are not applicable; provide further, that the Court may grant relief from compliance with the Avoidance Action Procedures in its sole discretion.

3.      The Bankruptcy Code, the Bankruptcy Rules and Local Rules shall apply to the Avoidance Actions, except to the extent that they conflict with the Avoidance Action Procedures.

5.      The time periods set forth in this Procedures Order and the Avoidance Action Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

6.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Procedures Order.

Dated: __November 2_____, 2018

_/s/Thomas L. Saladino_____
Honorable Thomas L. Saladino
United States Bankruptcy Judge

# EXHIBIT 1

## Avoidance Action Procedures[2]

These procedures (the "Avoidance Action Procedures") apply to adversary proceedings (each, an "Avoidance Action" and, collectively, the "Avoidance Actions") commenced by the Plan Administrator (the "Plan Administrator") seeking to avoid and recover transfers pursuant to sections 502, 544, 547, 548, 549 and/or 550 of the Bankruptcy Code.

**A.      Stipulation to Extend Time for Defendants to Respond to the Complaint; Mediation Before Response**

  1. Without further order of the Court, the Plan Administrator and any Avoidance Action defendant (each, a "Defendant" and, together with the Plan Administrator, the "Parties") may stipulate in writing to up to 2 separate extensions of time for a Defendant to respond (the "Response") to an Avoidance Action complaint (the "Response Due Date"), with each extension to be no more than 30 days. The stipulation can be documented via electronic mail and shall not be filed.

  2. If the Parties jointly agree in writing (which writing shall be filed in the adversary proceeding) to enter mediation prior to the Response Due Date, the Response Due Date shall be deferred while the mediation is pending. If the mediation does not resolve the Avoidance Action, the Response Due Date shall be extended for an additional 30 days following the completion of mediation and the filing of the mediator's report (the "Mediator's Report").

  3. Except as set forth above, further extensions of the Response Due Date shall not be granted except upon a motion or by stipulation of the Plan Administrator and Defendant, approved by order of the Court.

**B.      Waiver of Requirement to Conduct Pretrial Conference**

Pursuant to Local Rule 7001-1(C), Federal Rule of Civil Procedure 16, made applicable herein pursuant to Bankruptcy Rule 7016, is hereby waived and not applicable with respect to the Avoidance Actions. Neither the Plan Administrator nor any Defendant shall be required to appear at the initial pretrial conference, and Defendants may disregard any pretrial conference date included on their respective summonses.

**C.      Waiver of Requirement to Conduct Rule 26(f) Conference**

Pursuant to Local Rule 7001-1(D), the conference required by Federal Rule of Civil Procedure 26(f), made applicable pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/discovery plan) is waived and not applicable with respect to Avoidance Actions.

---

[2] Capitalized terms used but not otherwise defined shall have the meanings ascribed to such terms in the Motion.

Accordingly, Parties shall not be required to submit a written report under Federal Rule of Civil Procedure 26(f).

### D.      Stay of Discovery

All formal discovery, including disclosures required under Federal Rule of Civil Procedure 26(a)(1), shall be stayed until the Mediation Process is concluded, unless the Parties settle the Avoidance Action prior to or during the mediation; provided, however, this stay of discovery shall in no way preclude the Parties from informally exchanging documents and other information in an attempt to resolve an Avoidance Action in advance of, or during, the mediation process.

### E.      Settlement of Avoidance Actions

As provided in Article IV, Section E of the Plan, the Plan Administrator is authorized to compromise or settle the Avoidance Actions without Court approval.

### F.      Dispositive Motions

Any Defendant may file a dispositive motion, including but not limited to any motions under Federal Rule of Civil Procedure 12(b)(1) to (7) (made applicable by Bankruptcy Rule 7012) and under Federal Rule of Civil Procedure 56 (made applicable by Bankruptcy Rule 7056), pursuant to the Federal Rules of Civil Procedure, made applicable to these adversary proceedings by the Bankruptcy Rules, however, if such dispositive motion is filed before the filing of the Mediator's Report (defined herein), the Plan Administrator's time to respond to such dispositive motion is extended until 30 days after the filing of a Mediator's Report stating that the mediation has concluded and a settlement has not been reached, or such other time to which the parties mutually agree. Further, any party seeking to file a motion for summary judgment must comply with Local Rule 7056-1.

### G.      Mediation Procedures and Requirements

1.      Any open Avoidance Actions that have not been resolved and/or settled by November 30, 2018 (the "Remaining Avoidance Actions"), shall be referred to mandatory mediation (unless such mediation already has occurred pursuant to Section A.2 hereof), unless otherwise agreed by the Plan Administrator and a Defendant, or ordered by the Court in its sole discretion.

2.      The Defendant shall choose a mediator (the "Mediator") from the list of mediators (the "Mediator List") attached to the Avoidance Action Procedures as Schedule A,[3] and shall provide notice in writing to counsel for the Plan Administrator, Erin Severini via email at eseverini@fbtlaw.com or via letter correspondence addressed to Frost Brown Todd LLC, 3300 Great American Tower, 301 E. Fourth Street, Cincinnati, Ohio 45202, Attn: Erin Severini. If any Defendant does not

---

[3] Upon notice to the Court, the Plan Administrator may add one or more mediators to the Mediator List provided that the Plan Administrator represents in the notice that the proposed mediator has no conflict of interest that prevents him/her from serving as a mediator.

select a Mediator in writing by January 11, 2019, the Plan Administrator shall assign a Mediator to the case.

3.      Once the mediator selection period closes and a Mediator is selected or assigned, as applicable, the Plan Administrator will file with the Court a notice of mediation indicating which mediator was selected and which party made the selection.

4.      The Parties shall provide the Mediator, and exchange with each other, a copy of their position statements ("Position Statements"), which may not exceed 10 pages double-spaced in 12-point type (exclusive of exhibits and schedules), at least 10 days prior to the scheduled mediation. The Mediator also may require the Parties to (i) provide to the Mediator any relevant papers and exhibits and (ii) exchange documents.

5.      The mediation shall take place in either Omaha, Nebraska or New York, New York, unless the Parties and the Mediator agree to another location. The mediation shall be held at the law office of the Plan Administrator's local counsel, the Plan Administrator's office, the Mediator's office, or at another location agreed upon by the Mediator, the Plan Administrator and the Defendant.

6.      The Mediator will preside over the mediation with full authority to determine the nature and order of the Parties' presentations and with full authority to implement any additional procedures which are reasonable and practical under the circumstances.

7.      The Parties shall participate in the mediation in good faith and with a view toward reaching a consensual resolution. The mediation(s) shall be attended in person by (i) a representative of the Defendant with full settlement authority (and if Defendant is represented by counsel, its counsel) and (ii) counsel for the Plan Administrator (with full settlement authority); provided that, the Mediator may permit a party representative to appear telephonically; provided further, should a dispute arise regarding a Mediator's decision on whether to allow a party representative to appear telephonically rather than in person, a party may apply to the Court in advance of the mediation to rule on telephonic mediation by sending a letter to chambers outlining the issues, and the Court may then schedule a conference call to address the issues.

8.      At the Mediator's discretion, the Mediator may adjourn a mediation upon written notice to the Parties, which need not be filed. The Mediator also may adjourn a mediation that has been commenced if the Mediator determines that an adjournment is in the best interests of the Parties. The length of time necessary to effectively complete the mediation will be within the Mediator's discretion.

9.      Within 10 days after the conclusion of each mediation, the Mediator shall file a Mediator's Report in the respective Avoidance Action, which shall be limited to stating only (i) whether the Avoidance Action settled or did not settle; (ii) the date

or dates the mediation took place; and (iii) the names of the Parties and/or counsel who attended.

10.    Upon notice and a hearing, a Party's failure (i) to submit the required Position Statement or other submissions as provided in these Avoidance Action Procedures or as may be agreed to by the Mediator or ordered by the Court, or (ii) to attend the mediation, may result in a default judgment being obtained against the Defendant or dismissal of the action, or the imposition of other sanctions as may be appropriate under the circumstances. The Mediator shall promptly file with the Court a notice when any Party fails to comply with the mediation provisions in these Avoidance Action Procedures.

11.    The fees and reasonable and actual expenses of the Mediator shall be shared equally by the Parties on a per case basis.  The Mediator's fees shall be fixed as follows:

(a)    cases with a claim amount (as reflected in the complaint) of less than $100,000: $1,500 per Party, per case;

(b)    cases with a claim amount (as reflected in the complaint) equal to or greater than $100,000 and less than $250,000: $2,000 per Party, per case; and

(c)    cases with a claim amount (as reflected in the complaint) equal to or greater than $250,000 and less than $500,000: $2,500 per Party, per case; and

(d)    cases with a claim amount (as reflected in the complaint) equal to or greater than $500,000: $3,000 per Party, per case.

(e)    Defendants that have multiple Avoidance Actions in the underlying bankruptcy case pending against them may mediate all related Avoidance Actions at one time and, in such event, the Mediation Fee shall be based upon the combined total claim amount for all related Avoidance Actions.

(f)    Mediation that is continued for more than one calendar day will be continued on a fixed-fee basis at the rates set forth above.

12.    If the Parties mutually request that a Mediator travel to some other location for mediation other than Omaha, Nebraska or New York, New York and the Mediator agrees to the location, and unless the Court orders otherwise, the Mediator's fee shall increase by $500 per Party, per case.

13.    Unless the Court orders otherwise for cause shown, the full fees and expenses of the Mediator shall be paid by any Party that cancels or fails to appear at mediation unless the Party notifies the Mediator of the cancellation by electronic mail by 5:00 p.m. Central Time on the day one week in advance of the scheduled mediation date

(*e.g.*, if the mediation is scheduled for a Monday, notice of cancellation must be given no later than the previous Monday at 5:00 p.m. Central Time).

14.     Each Party shall pay its portion of the Mediator's fee at least 5 days before the commencement of mediation. The Parties shall each pay half (50%) of the Mediator's reasonable and actual expenses, per case, within fourteen (14) days after billing by the Mediator; provided, however, that if a Defendant fails to timely pay a bill for a Mediator's fees or expenses, another Party may pay the bill and recover such sum as part of a judgment. The Parties and the Mediator may enter into an agreement for the Mediator to continue his or her efforts after the conclusion of the formal mediation session, on such terms as may be agreed upon among the Mediator and all Parties, and the rules governing confidentiality relating to the Mediation shall continue to apply.

15.     Without the prior consent of both Parties, no Mediator shall mediate a case in which he/she or his/her law firm represents a Party. If a Mediator's law firm represents any Defendant in the Avoidance Actions, then: (i) the Mediator shall not personally participate in the representation of that Defendant; (ii) the law firm shall notate the file to indicate that the Mediator shall have no access to it; and (iii) any discussions concerning the particular Avoidance Action by employees of the law firm shall exclude the Mediator. The Mediator's participation in mediation pursuant to these Avoidance Action Procedures shall not create a conflict of interest with respect to the representation of such Defendants by the Mediator's law firm, provided these procedures are followed.

16.     The Mediator shall not be called as a witness by any Party. No Party shall attempt to compel the testimony of, or compel the production of documents from, the Mediators or the agents, partners or employees of their respective law firms. Neither the Mediators nor their respective agents, partners, law firms or employees (i) are necessary parties in any proceeding relating to the mediation or the subject matter of the mediation, nor (ii) shall be liable to any Party for any act or omission in connection with any mediation conducted under these Avoidance Action Procedures. Any documents provided to the Mediator by the Parties shall be destroyed within 30 days after the filing of the Mediator's Report, unless the Mediator is otherwise ordered by the Court. However, a Mediator may be called as witness by any Party and may be compelled to testify and/or answer discovery on a limited basis in proceedings where it is alleged that a Party failed to comply with mediation as is required in these Avoidance Action Procedures.

17.     All proceedings and writings incident to the mediation will be considered privileged and confidential and subject to all the protections of Federal Rule of Evidence 408, and shall not be reported or admitted in evidence for any reason whatsoever. Nothing stated or exchanged during mediation shall operate as an admission of liability, wrongdoing or responsibility.

H.    **Discovery Schedule**

All mediations of Avoidance Actions must conclude prior to June 28, 2019 (the "Mediation Deadline"), unless the Parties settle the Avoidance Action prior to such date. The following provisions and deadlines shall apply to any Avoidance Action not settled prior to the Mediation Deadline:

1.    The Parties to Avoidance Actions shall provide the disclosures required under Bankruptcy Rule 7026(a)(1) ("Initial Disclosures") on or prior to July 19, 2019.

2.    The Parties shall have through and including November 1, 2019 to complete non-expert fact discovery, including depositions of fact witnesses.

3.    All written interrogatories, document requests and requests for admission, if any, may be served upon the adverse party any time after or concurrently with the deadline for providing Initial Disclosures through September 6, 2019.

4.    The standard provisions of Federal Rule of Civil Procedure 33, made applicable herein pursuant to Bankruptcy Rule 7033, shall apply to the Avoidance Actions.

5.    The standard provisions of Federal Rule of Civil Procedure 34, made applicable herein pursuant to Bankruptcy Rule 7034, including Rule 34(b)(2)(E) regarding the production of electronically stored information, shall apply to the Avoidance Actions.

6.    The standard provisions of Federal Rule of Civil Procedure 36, made applicable herein pursuant to Bankruptcy Rule 7036, shall apply to the Avoidance Actions.

7.    Should a discovery dispute arise, the complainant shall file with the Court a letter outlining the issues, with a copy to chambers and to the other party to the Avoidance Action. Respondent must reply within 2 business days. Neither letter, excluding exhibits, may be longer than 2 pages. The Court shall then inform the parties if it will require a conference call or formal motion.

8.    Disclosure and reports of the Parties' case-in-chief experts (if any), required under Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, shall be made to the adverse party on or before November 29, 2019.

9.    Disclosure and reports of the Parties' rebuttal experts (if any), required under Federal Rule of Civil Procedure 26(a)(2), shall be made to the adverse party on or before January 10, 2020.

10.    All expert discovery, including expert witness depositions, shall be concluded on or before February 28, 2020.

11.     The standard provisions of Federal Rule of Civil Procedure 26(e), made applicable herein pursuant to Bankruptcy Rule 7026, shall apply to the Avoidance Actions with respect to supplementation of discovery responses.

## I.     Electronic Service

1.      Notices of hearings, and any motions or other pleadings filed by the Plan Administrator in or related to the Avoidance Actions may be served by electronic mail;[4] provided that with respect to each Avoidance Action, a printed copy of the summons and complaint, and Procedures Order, shall be served via U.S. Mail, postage prepaid, upon all parties entitled to notice thereof.

2.      The Plan Administrator shall also send to each Defendant a notice and information form, a copy of which is attached hereto as <u>Schedule B</u> (in each case, the "<u>Information Form</u>"), and a pre-addressed, postage prepaid envelope. The Information Form must be completed by or on behalf of each Defendant and returned to applicable counsel to the Plan Administrator on or prior to the date on which an answer or other responsive pleading to a complaint is due in accordance with the Procedures Order. The Information Form must be completed and returned to the Plan Administrator with valid contact information, including a name, address, phone number, and an email address for the Defendant or the parties designated by the Defendant to be contacted in connection with the Avoidance Actions (each, a "<u>Designated Notice Party</u>"). **Only the Designated Notice Parties listed on the Information Form will receive notice of pleadings, conferences, and other information in connection with the Avoidance Actions. All such documents are subject to service by electronic mail.[5]**

3.      Service by electronic mail shall be effective as of the date such electronic mail is sent to the e-mail address provided by a Defendant in the Information Form.

4.      Parties may serve notices, motion or pleadings in the Avoidance Actions by electronic means, including email and/or through the Electronic Case Filing System ("<u>ECF</u>"), consistent with the Federal Rule of Civil Procedure 5(b)(2)(f), made applicable to the Avoidance Actions by Federal Rule of Bankruptcy Procedure 7005, and Local Rule 5005-1.

---

[4] Any Defendant that is an individual and is not represented by counsel shall not be subject to the provisions of Paragraph I of these Avoidance Action Procedures regarding service by e-mail, except if such Defendant provides the applicable Designated Notice Party's (as defined above) e-mail address to the Plan Administrator on an Information Form (as defined above).

[5] If a Designated Party does not have an e-mail address, this fact must be clearly indicated by checking the appropriate box on the Information Form. In such case, the Designated Party shall be served by U.S. mail, overnight mail, facsimile, or hand-delivery to the address on the Information Form (the choice of the foregoing being the sole discretion of the Plan Administrator).

**J.**　　**Section 502(h) Claims.**

A claim of any Defendant arising under section 502(h) of the Bankruptcy Code (a "502(h) Claim"), to the extent not waived in connection with the settlement of an Avoidance Action, shall be filed within thirty (30) calendar days of: (i) with respect to any Avoidance Action settled outside of the Mediation Process, the date of written notice from the Plan Administrator to such Defendant confirming such settlement; (ii) with respect to any Avoidance Action settled pursuant to the Mediation Process, the date of the filing of the Mediator's Report; or (iii) with respect to any Avoidance Action determined by an order of the Court, the date of entry of such order (as applicable, the "502(h) Bar Date"). Any Defendant seeking to assert a 502(h) Claim that fails to file a claim with the Court on or before the applicable 502(h) Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against any of the Post-Effective Date Debtors or thereafter filing a proof of claim with respect thereto, and shall not, with respect to such claim, be treated as a creditor of any of the Post-Effective Date Debtors and shall not receive or be entitled to receive any payment or distribution of property from the Post-Effective Date Debtors' estates, their successors or assigns, with respect to such 502(h) Claim.

**K.**　　**Motions Affecting all Avoidance Actions**

Any motions filed by the Plan Administrator that affect all of the Avoidance Actions shall be filed in the Bankruptcy Cases and separately docketed in each Avoidance Action served on all Defendants in compliance with the Federal Rules of Civil Procedure made applicable to these avoidance Actions by the Federal Rules of Bankruptcy Procedure.

**L.**　　The Court may grant relief from compliance with these Avoidance Action Procedures in its sole discretion.

**M.**　　These Avoidance Action Procedures and the accompanying Procedures Order shall be posted on the website of the Post-Effective Date Debtors' claims agent, Process General, which is located at: https://cases.processgeneral.com/cases/case/7/gordmans-stores-inc/

## SCHEDULE A TO AVOIDANCE ACTION PROCEDURES

### Mediator List

1. Eric Wood, Esq.
   Downing, Alexander & Wood
   2800 South 110th Court
   Omaha, NE 68144
   Tel: (402) 669-2167

2. Michael Kinney, Esq.
   Cassem, Tierney, Adams, Gotch & Douglas PC
   9290 West Dodge Road, Suite 302
   Omaha, NE 68114
   Tel: (402) 390-0300

3. Rocco A. Cavaliere, Esq.
   Tarter Krinsky & Drogin LLP
   1350 Broadway
   New York, New York 10018
   Tel: (212) 216-8000

4. Christopher J. Battaglia, Esq.
   Halperin Battaglia Benzija, LLP
   40 Wall Street, 37th Floor
   New York, NY 10005
   Tel: (212) 765-9100

5. Jeffrey Cohen, Esq.
   Lowenstein Sandler LLP
   1251 Avenue of the Americas
   New York, NY 10020
   Tel: (212) 419-5868

## <u>SCHEDULE B TO AVOIDANCE ACTION PROCEDURES:</u><br><u>INFORMATION FORM</u>

### *GORDMANS STORES, INC., et al*

Name of Defendant:


Address:


Name of Designated Notice Party:


City, State, Zip Code:


Telephone Number of Designated Notice Party:


E-mail Address of Designated Notice Party:


☐ Please check this box if Designated Notice Party does not have an e-mail address


Signature of Authorized Person for Defendant: _____

*Please return this Information Form to Erin Severini via email at eseverini@fbtlaw.com or in the enclosed self-addressed envelope (postage prepaid) to:*

Frost Brown Todd LLC
301 East Fourth Street
Great American Tower, Suite 3300
Cincinnati, Ohio 45202
Attn: Erin Severini

# **EXHIBIT 2**

# **DEFENDANTS**

0137551.0654293   4816-8761-2793v1

| ADV. PRO. NO. | DEFENDANT NAME |
|---|---|
| 18-08035-TLS | ENGIE INSIGHT SERVICES INC. f/k/a ECOVA, INC. |
| 18-08009-TLS | COLOSSEUM ATHLETICS CORPORATION |
| 18-08019-TLS | KIDZ CONCEPTS, LLC |
| 18-08018-TLS | SUNRISE APPAREL IMPORT, INC. dba SHINE IMPORT |
| 18-08013-TLS | DREAMWEAR INC. |
| 18-08050-TLS | TURN ON PRODUCTS INC. d/b/a YOUNIQUE CLOTHING |
| 18-08014-TLS | EMO-TRANS, INC. |
| 18-08012-TLS | COLORTEK, INC. |
| 18-08036-TLS | FLYP SPORTSWEAR INC. |
| 18-08010-TLS | BMGM CO., L.L.C. |
| 18-08017-TLS | SHERALVEN ENTERPRISES LTD. |
| 18-08016-TLS | POLLOCK INVESTMENTS INC |
| 18-08015-TLS | KELLWOOD APPAREL, LLC d/b/a MY MICHELLE |
| 18-08011-TLS | BYER CALIFORNIA |
| 18-08039-TLS | N & W TRANSFER, INC. |
| 18-08051-TLS | JIMCO LAMP & MANUFACTURING COMPANY DBA THRO |
| 18-08037-TLS | VAN DALE INDUSTRIES, INC. |
| 18-08138-TLS | RANDA ACCESSORIES LEATHER GOODS LLC |
| 18-08038-TLS | OFFWIRE, INC. dba BRIGHTSTAR |
| 18-08044-TLS | TRI-COASTAL DESIGN GROUP INC. |
| 18-08041-TLS | QUALITY KING DISTRIBUTORS, INC. |
| 18-08043-TLS | KC EXCLUSIVE INC. DBA ZENANA OUTFITTERS |
| 18-08045-TLS | SAMSUNG C&T AMERICA, INC. \ Q4 DESIGNS |
| 18-08323-TLS | EVOLUTIONARY APPAREL, INC. DBA MOD MODELE |
| 18-08137-TLS | STAR CREATIONS, INC. |
| 18-08020-TLS | COASTAL COCKTAILS, INC. |
| 18-08046-TLS | ARTISSIMO DESIGNS LLC |
| 18-08315-TLS | VF KNITWEAR - NUTMEG MILLS DIV NKA FANATICS INC. |
| 18-08129-TLS | TEAM BEANS, L.L.C. |
| 18-08193-TLS | INTERNATIONAL INTIMATES INC. |
| 18-08136-TLS | ENCHANTE ACCESSORIES INC. |
| 18-08130-TLS | IDEA NUOVA INC. |

| ADV. PRO. NO. | DEFENDANT NAME |
|---|---|
| 18-08022-TLS | HIGH LIFE LLC |
| 18-08023-TLS | REFLEX PERFORMANCE RESOURCES INC |
| 18-08024-TLS | BAY ISLAND, INC. |
| 18-08025-TLS | SUNCRAFT TECHNOLOGIES, INC. |
| 18-08047-TLS | USA LEGWEAR, LLC |
| 18-08026-TLS | UMA ENTERPRISES, INC. |
| 18-08049-TLS | PAPER CUT CLOTHING LLC |
| 18-08027-TLS | COLLINS PAINTING & DESIGN, LLC |
| 18-08028-TLS | NOTHIN' BUT NET CLOTHING COMPANY |
| 18-08048-TLS | TRANSPAC IMPORTS, INC. |
| 18-08029-TLS | BENIKO, INC. |
| 18-08032-TLS | DESMA GROUP, INC. |
| 18-08052-TLS | MAX SALES GROUP, INC |
| 18-08031-TLS | TINNOVATE LLC |
| 18-08053-TLS | AROUND THE WORLD APPAREL INC. |
| 18-08033-TLS | COLLEGE CONCEPTS, LLC |
| 18-08057-TLS | AG, LLC f/k/a ACCENT ACCESSORIES, LLC |
| 18-08054-TLS | DAVID & YOUNG CO |
| 18-08316-TLS | MERCHSOURCE, LLC |
| 18-08055-TLS | MAGNUM EXPRESS  INC |
| 18-08034-TLS | YOUNGS, INC. |
| 18-08056-TLS | FASHION AVENUE KNITS INC. |
| 18-08058-TLS | ACTIVE USA, INC. |
| 18-08059-TLS | PRINZ LTD. |
| 18-08060-TLS | THE WILLIAM CARTER COMPANY |
| 18-08061-TLS | VESI INCORPORATED |
| 18-08062-TLS | GRANDVIEW GALLERY, LLC |
| 18-08065-TLS | STAR OF INDIA FASHIONS, INC. |
| 18-08066-TLS | ORION FASHIONS, INC. |
| 18-08067-TLS | HURLEY INTERNATIONAL LLC |
| 18-08069-TLS | EAI-JR286, INC. |
| 18-08070-TLS | 8 TO 20 PARTNERS, LLC |

| ADV. PRO. NO. | DEFENDANT NAME |
|---|---|
| 18-08322-TLS | VERITIME INC |
| 18-08071-TLS | FEDERAL JEANS INC. |
| 18-08072-TLS | DYNASTY APPAREL CORP. |
| 18-08073-TLS | BREAKING WAVES, INC. |
| 18-08074-TLS | INS & OUTS POTTERY, INC. dba URBAN TRENDS COLLECTION |
| 18-08075-TLS | SIENA FLORAL ACCENTS, INC. |
| 18-08076-TLS | GIBSON OVERSEAS INC. |
| 18-08077-TLS | SIXTREES USA, LTD. |
| 18-08078-TLS | WESTPORT CORPORATION |
| 18-08079-TLS | RGGD INC. DBA CRYSTAL ART GALLERY/A.M. & N. |
| 18-08080-TLS | KNOTHE ROBE CO. |
| 18-08081-TLS | BEATRISE LLC |
| 18-08083-TLS | VERTEX INC |
| 18-08084-TLS | VITECH BUSINESS GROUP |
| 18-08085-TLS | JVS ENTERPRISES INC. |
| 18-08086-TLS | JOHN PAUL RICHARD, INC. |
| 18-08087-TLS | TOO GOOD GOURMET, INC. |
| 18-08089-TLS | GOLDEN CHAIR, INC NKA CHAPTER 3, INC. |
| 18-08090-TLS | TOP FASHION OF N.Y. INC. |
| 18-08091-TLS | XTREME COUTURE, INC. |
| 18-08092-TLS | SPIRIT LEATHER WORKS |
| 18-08321-TLS | MASTERCRAFT INTERNATIONAL LIMITED |
| 18-08093-TLS | NEW VIEW GIFTS & ACCESSORIES, LTD. |
| 18-08094-TLS | PORT TO PORT IMPORT/EXPORT, INC. |
| 18-08317-TLS | LSI CORPORATION DBA LSI STAFFING |
| 18-08095-TLS | VONAGE BUSINESS INC. |
| 18-08096-TLS | INTESOURCE  INC |
| 18-8124-TLS | G.PACHE INTERNATIONAL, INC. d/b/a 9K CLOTHING COVE |
| 18-08100-TLS | JS CHINA SOURCING INC |
| 18-08101-TLS | HOME ESSENTIALS & BEYOND INC. |
| 18-08102-TLS | MASTERPIECES PUZZLE COMPANY INC |
| 18-08103-TLS | VERIFONE INC |

| ADV. PRO. NO. | DEFENDANT NAME |
|---|---|
| 18-08104-TLS | CARPENTER CO. |
| 18-08105-TLS | FREE PEOPLE OF PA LLC |
| 18-08106-TLS | PROKARMA, INC. |
| 18-08107-TLS | CUTIE PIE BABY, INC. |
| 18-8110-TLS | CONCEPTS IN TIME LLC |
| 18-8111-TLS | TWINS ENTERPRISE INC |
| 18-8115-TLS | STARGATE APPAREL, INC. |
| 18-8116-TLS | COMPLIANCE NETWORKS, L.L.C. |
| 18-8117-TLS | KONICA MINOLTA BUSINESS SOLUTIONS USA INC |
| 18-8118-TLS | MARKETPLACE BRANDS, LLC |
| 18-8119-TLS | BOELTER LLC |
| 18-8120-TLS | PET EDGE DEALER SERVICES, A DIVISION OF OF PETEDGE INC. |
| 18-8122-TLS | KELLYTOY USA INC |
| 18-8123-TLS | SEVEN APPAREL GROUP INC |
| 18-8125-TLS | N & M BROKERAGE SERVICES LLC |
| 18-08128-TLS | GARDA CL NORTHWEST INC. |
| 18-08131-TLS | ADTN INTERNATIONAL, LTD |
| 18-08132-TLS | JAPNA  INC |
| 18-08133-TLS | TEMPT IN-STORE PRODUCTIONS, A DIVISION OF QUAD/GRAPHICS, INC. |
| 18-08134-TLS | ETNA PRODUCTS CO.  INC.. |
| 18-08135-TLS | AGE GROUP LTD. |
| 18-08139-TLS | HANDCRAFT MFG CO. |
| 18-08141-TLS | SOHO APPAREL GROUP INC. |
| 18-08142-TLS | MUZAK LLC |
| 18-08143-TLS | CIRCLE GLASS LLC |
| 18-08144-TLS | GOLD INC. |
| 18-08145-TLS | STHEALTH BENEFIT SOLUTIONS  LLC |
| 18-08148-TLS | MELISSA & DOUG LLC |
| 18-08149-TLS | DOWN-LITE INTERNATIONAL, INC. |
| 18-08150-TLS | LUKASIAN HOUSE LLC |
| 18-08151-TLS | EUROPEAN HOME DESIGN, LLC |
| 18-08152-TLS | HADDAD HOSIERY LLC |

| ADV. PRO. NO. | DEFENDANT NAME |
|---|---|
| 18-08153-TLS | BCCH, LLC  d/b/a CLAUDIA'S CANINE CUISINE BOUDREAUX OPERATING ACQUISITIONS, LLC d/b/a |
| 18-08154-TLS | GR RESEARCH CONSULTING  LLC |
| 18-08156-TLS | HOT SHOT HK, LLC |
| 18-08157-TLS | AUBURN HOSIERY MILLS, INC. |
| 18-08159-TLS | BEAUTY 21 COSMETICS, INC. |
| 18-08160-TLS | HEATHER ANN CREATIONS, A DIVISION OF ALFRED'S PICTURES FRAMES, INC. |
| 18-08161-TLS | COMFORTRESEARCH, L.L.C. |
| 18-08162-TLS | HANES UNDERWEAR |
| 18-08158-TLS | WHEAT ACCESSORIES LLC |
| 18-08165-TLS | DENNIS EAST INTERNATIONAL, LLC |
| 18-08166-TLS | OFFICE STAR PRODUCTS |
| 18-08167-TLS | SUNFLOWER FOOD COMPANY  INC |
| 18-08168-TLS | THE NASDAQ STOCK MARKET LLC |
| 18-08169-TLS | COFFEE MASTERS, INC. |
| 18-08170-TLS | INTIMO INC. |
| 18-08171-TLS | AVIS RENT A CAR SYSTEM, LLC |
| 18-08172-TLS | ELK GROUP INTERNATIONAL LLC |
| 18-08173-TLS | DEJUNO CORPORATION |
| 18-08174-TLS | FERRARA CANDY COMPANY |
| 18-08175-TLS | M&G PARTNERS LLP |
| 18-08176-TLS | C & H ALLIANCE LLC |
| 18-08177-TLS | BEST BRANDS CONSUMER PRODUCTS, INC. |
| 18-08178-TLS | L & K COFFEE COMPANY |
| 18-08180-TLS | BON-BINI LLC DBA STEPPING STONES |
| 18-08318-TLS | TKO-EVOLUTION APPAREL INC |
| 18-08181-TLS | COTY INC. |
| 18-08182-TLS | WIESNER PRODUCTS/SOLED OUT SOCKS |
| 18-08183-TLS | ATHRA NJ  INC. |
| 18-08184-TLS | INTERNATIONAL BRASS HOUSE, INC. |
| 18-08185-TLS | DEMANDWARE, INC. |
| 18-08186-TLS | INFOVISIONIX INC |
| 18-08187-TLS | PARK HILL COLLECTION, LLC |

| ADV. PRO. NO. | DEFENDANT NAME |
|---|---|
| 18-08188-TLS | BENDON, INC. f/k/a BENDON PUBLISHING INTERNATIONAL, INC. |
| 18-08190-TLS | BOOM BOOM, INC. |
| 18-08191-TLS | MIDNITE EXPRESS INC. |
| 18-08195-TLS | BEST STYLES, INC. |
| 18-08197-TLS | THE ANDREW BARRIE COLLECTION LLC DBA POW WOW PRODUCTS |
| 18-08199-TLS | JACKSON CORPORATION |
| 18-08200-TLS | NATIONAL DESIGN  LLC |
| 18-08201-TLS | INNOVATIVE HARDWARE, INC. DBA EPS |
| 18-08202-TLS | TOP OF THE WORLD LLC |
| 18-08203-TLS | NETWORKS STAFFING SOLUTIONS LLC |
| 18-08319-TLS | DELTA GALIL USA INC. DBA CONVERSE ACCESSORIES |
| 18-08204-TLS | DEMET'S CANDY COMPANY, LLC |
| 18-08205-TLS | JODHPURI INC. |
| 18-08206-TLS | LIFEWORKS TECHNOLOGY GROUP  LLC |
| 18-08207-TLS | STRATEGIC OFFSITES GROUP  INC. |
| 18-08209-TLS | RIVSTAR APPAREL LLC |
| 18-08210-TLS | SELECT BRANDS  INC |
| 18-08211-TLS | MAIN STREET DÉCOR |
| 18-08212-TLS | 108 STITCHES, LLC |
| 18-08214-TLS | BLUECORE  INC |
| 18-08216-TLS | DVC INDUSTRIES INC. DBA THE SPICE LAB |
| 18-08217-TLS | USF COLLECTIONS, INC. |
| 18-08218-TLS | FRANKLIN SPORTS, INC. |
| 18-08219-TLS | A3 APPAREL LLC |
| 18-08221-TLS | PHOTO FILE INC. |
| 18-08222-TLS | OHIO WHOLESALE INC. DBA KENNEDY'S COUNTRY COLLECTIONS |
| 18-08223-TLS | AMIEE LYNN INC DBA AMIEE LYNN ACCESSORIES |
| 18-08246-TLS | KIZAN INTERNATIONAL, INC. |
| 18-08247-TLS | PRO'S CHOICE BEAUTY CARE INC. |
| 18-08248-TLS | PETS FIRST INC. |
| 18-08249-TLS | MARVIN LEEDS MARKETING SERVICES INC. |
| 18-08250-TLS | KENNY'S DEALS INC. |

| ADV. PRO. NO. | DEFENDANT NAME |
|---|---|
| 18-08245-TLS | DANIEL M FRIEDMAN & ASSOCIATES INC. |
| 18-08251-TLS | FORMS ASSOCIATES, INC. |
| 18-08253-TLS | BURLEIGH POINT LTD dba RVCA |
| 18-08254-TLS | PLAYHUT INC. |
| 18-08255-TLS | JOE BENBASSET, INC. |
| 18-08256-TLS | VIP PRODUCTS LLC |
| 18-08257-TLS | NORTHPOINT TRADING, INC. |
| 18-08258-TLS | ADVANTIX SOLUTIONS GROUP INC. |
| 18-08260-TLS | MYSTIC APPAREL LLC |
| 18-08261-TLS | ADVANTUS CORP. |
| 18-08263-TLS | H/S GLOBAL TRADING GROUP, LLC |
| 18-08264-TLS | GENEVA WATCH GROUP, INC. |
| 18-08224-TLS | THE LEVY GROUP/ESPRIT |
| 18-08225-TLS | GMPC, INC. |
| 18-08226-TLS | WIESNER PRODUCTS, INC. DBA KIDS WITH CHARACTER |
| 18-08227-TLS | FETCO HOME DÉCOR, INC.. |
| 18-08228-TLS | SAMSONITE COMPANY STORES, LLC |
| 18-08229-TLS | ESHIPPING, LLC |
| 18-08230-TLS | OVED APPAREL CORPORATION |
| 18-08231-TLS | GREEN CRYSTAL AROMAS INC. |
| 18-08232-TLS | MAINETTI USA, INC. |
| 18-08233-TLS | INDIA HOUSE BRASS, INC. |
| 18-08234-TLS | KENROSE PERFUMES INC.  DBA EUROPERFUMES |
| 18-08235-TLS | MIDWOOD DISTRIBUTORS INC. |
| 18-08237-TLS | FCP BRANDS, INC. |
| 18-08238-TLS | CLOSEOUTS SURPLUS & SALVAGE, INC. |
| 18-08239-TLS | UNIVERSITY GAMES CORP. |
| 18-08240-TLS | TARA TOY CORP. |
| 18-08241-TLS | NG&G FACILITY SERVICES INT'L |
| 18-08242-TLS | HANES BRANDS INC. DBA HANES SOCKS |
| 18-08243-TLS | VOSS ELECTRIC CO. |
| 18-08244-TLS | LOOSELEAF SUNGLASSES & ACCESSORIES LLC |

| ADV. PRO. NO. | DEFENDANT NAME |
|---|---|
| 18-08266-TLS | NMR DISTRIBUTION (AMERICA) INC. |
| 18-08267-TLS | LIBBEY GLASS INC. |
| 18-08268-TLS | AINSWORTH PET NUTRITION INC. |
| 18-08269-TLS | GIX LOGISTICS, INC. |
| 18-08270-TLS | RADZ BRANDS LLC |
| 18-08271-TLS | LATE FOR THE SKY PRODUCTIONS CO., INC. |
| 18-08272-TLS | GXS, INC. |
| 18-08273-TLS | FACILITY SOLUTIONS GROUP, INC. |
| 18-08274-TLS | MVP GROUP INTERNATIONAL INC. |
| 18-08275-TLS | BB TRADING WORLDWIDE  INC. |
| 18-08277-TLS | GFSI, LLC DBA CHAMPION CUSTOM PRODUCTS |
| 18-08278-TLS | YOYO LIP GLOSS INC. |
| 18-08279-TLS | NOVELTY POSTER CO.INC. |
| 18-08280-TLS | CELEBRITY DESIGN GROUP LLC |
| 18-08281-TLS | HOME DYNAMIX, LLC |
| 18-08282-TLS | TALX UCM SERVICES, INC. DBA TALX UCEXPRESS |
| 18-08286-TLS | DECOR CRAFT INC. |
| 18-08287-TLS | INDUSTRIAL SECURITY SOLUTIONS, CORP. |
| 18-08288-TLS | CAROLE ACCESSORIES |
| 18-08289-TLS | TRILLIANT FOOD BEVERAGE & NUTRITION, LLC |
| 18-08290-TLS | FURHAVEN PET PRODUCTS, INC. |
| 18-08291-TLS | ALLIED AERO FOAM PRODUCTS LLC |
| 18-08292-TLS | CFA, INC. DBA CFA STAFFING |
| 18-08293-TLS | CYBERSOURCE CORPORATION |
| 18-08294-TLS | MODIS  INC. |
| 18-08295-TLS | C&F ENTERPRISES INC. |
| 18-08297-TLS | COED SPORTSWEAR, Inc. |
| 18-08298-TLS | ROLF C HAGEN (USA) CORP. |
| 18-08299-TLS | GIFTCRAFT INC. |
| 18-08301-TLS | H.E.R ACCESSORIES, LTD |
| 18-08302-TLS | CSI LEASING INC |
| 18-08304-TLS | PARIS PRESENTS INC. |

| ADV. PRO. NO. | DEFENDANT NAME |
|---|---|
| 18-08305-TLS | VINTAGE DIRECT, INC. |
| 18-08306-TLS | GREY MATTER CONCEPTS APPAREL GROUP CORP. |
| 18-08307-TLS | ICR, LLC |
| 18-08308-TLS | MARKETING RESOURCE GROUP INC. DBA TOLAND HOME GARDEN |
| 18-08309-TLS | REMEDY INTELLIGENT STAFFING, LLC |
| 18-08310-TLS | FORESEE RESULTS, INC. |
| 18-08311-TLS | PACIFIC APPAREL MFG |
| 18-08312-TLS | A&H SPORTSWEAR CO., INC. |
| 18-08313-TLS | STANTON PUBLIC RELATIONS AND MARKETING LLC |
| 18-08314-TLS | BEAUTIFUL GIANT, INC. |
|  | DEVITO VERDI, INC. |