**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEBRASKA**

| | |
|---|---|
| In re: | Chapter 11 |
| GORDMANS STORES, INC., *et al.*,[1] | Case No. 17-80304 (TLS) |
| | (Jointly Administered) |
| Post-Effective Date Debtors. | |

**POST-EFFECTIVE DATE DEBTORS' TENTH MOTION FOR ENTRY**
**OF AN ORDER EXTENDING THE CLAIMS OBJECTION BAR DATE**

G-Estate Liquidation Stores, Inc., formerly known as Gordmans Stores, Inc., and its debtor affiliates in the above-captioned chapter 11 cases (collectively, the "Post-Effective Date Debtors"), by and through META Advisors LLC, in its capacity as plan administrator (the "Plan Administrator"), hereby moves (the "Motion") this Court for entry of an order further extending the Claims Objection Bar Date (as defined below) for approximately 210 days, from July 6, 2022 to February 1, 2023. In support of this Motion, the Post-Effective Debtors respectfully state:[2]

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Article XI of the Debtors' confirmed chapter 11 plan [Docket No. 912] (the "Plan").

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: G-Estate Liquidation Stores, Inc., formerly known as Gordmans Stores, Inc. (1987); G-Estate Liquidation, Inc., formerly known as Gordmans, Inc. (1211); G-Estate Management Company, Inc., formerly known as Gordmans Management Company, Inc. (5281); G-Estate Distribution Company, Inc., formerly known as Gordmans Distribution Company, Inc. (5421); G-Estate Intermediate Holdings Corp., formerly known as Gordmans Intermediate Holdings Corp. (9938); and G-Estate Liquidation, LLC, formerly known as Gordmans LLC (1987) (collectively, before the Plan Effective Date (defined herein), the "Debtors").

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan (defined herein).

3.  The statutory predicates for the relief sought in this Motion are sections 105, 502, and 503 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Article I.A.24 of the Plan (defined herein).

## BACKGROUND

4.  On March 13, 2017 (the "Petition Date"), the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nebraska (the "Court"). From and after the Petition Date, the Debtors continued to operate as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. This Court entered an order jointly administering these chapter 11 cases on the Petition Date [Docket No. 20].

5.  On May 5, 2017, this Court entered the *Order (I) Setting a Bar Date for Filing Proofs of Claim, Including Claims Arising Under Section 503(b)(9) of the Bankruptcy Code, (II) Setting a Bar Date for the Filing of Proofs of Claims by Governmental Units, (III) Setting a Bar Date for the Filing of Requests for Allowance of Administrative Expense Claims, (IV) Setting an Amended Schedules Bar Date, (V) Setting a Rejection Damages Bar Date, (VI) Setting a Premise Liability Claims Bar Date, (VII) Approving the Form and Manner for Filing Proofs of Claim, (VIII) Approving Notice of the Bar Dates, and (IV) Granting Related Relief* [Docket No. 428] (the "Bar Date Order"). The Bar Date Order established, among other things, (i) June 5, 2017 at 4 p.m., prevailing Central Time, as the last date for persons or entities other than governmental units to file proofs of prepetition claims, including administrative expense claims arising pursuant to section 503(b)(9) of the Bankruptcy Code; (ii) June 5, 2017 at 4 p.m., prevailing Central Time, as the last date to file a request for payment of administrative claims arising

between the Petition Date and June 5, 2017 that are not claims for fees and expenses of retained professionals, claims under section 503(b)(9) of the Bankruptcy Code, and claims held by governmental entities covered by section 503(b)(1)(B) and (C) of the Bankruptcy Code; and (iii) September 11, 2017 at 4 p.m., prevailing Central Time, as the last date for governmental units to file proofs of claim.

6. On October 18, 2017, this Court entered the *Order (I) Approving the Adequacy of Disclosure Statement for the Debtors' Joint Plan of Liquidation and (II) Confirming Debtors' Modified Joint Chapter 11 Plan* [Docket No. 1036] (the "Confirmation Order"), which, among other things confirmed the *Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan").

7. The effective date of the Plan occurred on November 15, 2017 [Docket No. 1057] (the "Plan Effective Date"). Pursuant to the Plan, the Plan Administrator was appointed on the Plan Effective Date.

8. Under the Plan, the Plan Administrator is authorized and empowered to (i) determine which Claims should be allowed, (ii) prosecute and resolve objections to Disputed Claims, and (iii) administer and adjust the Claims Register. *See* Plan, Art. VII.B.

9. Articles I.A.24 and VII.E of the Plan provide that any objections to Claims or Interests shall be Filed on or before the first business day that is 180 days after the Plan Effective Date, subject to extension by an order of this Court upon motion filed by the Plan Administrator (the "Claims Objection Bar Date"). *Id.*, Arts. I.A.24 and VII.E. On January 7, 2022, this Court entered the most recent order extending the Claims Objection Bar Date to July 6, 2022 [Docket No. 1803]. As such, as of the filing of this Motion, the Claims Objection Bar Date has not expired.

10. Since its appointment, the Plan Administrator, among other things, has worked diligently to reconcile all Filed Claims and scheduled Claims. Since the Plan Effective Date, the Post-Effective Date Debtors, through the Plan Administrator, have: (i) filed sixteen omnibus objections to Claims to date; (ii) negotiated with creditors and settled or reconciled Claims outside the objection process; and (iii) settled or resolved all chapter 5 avoidance actions involving, among other things, disallowance of Claims pursuant to section 502 of the Bankruptcy Code.

11. As of the date of this Motion, the Claims reconciliation process is complete and all Disputed Claims have either been objected to (disallowed, reduced and/or reclassified), consensually adjusted without formal objection, or accepted as filed. However, additional time is needed to resolve the pending objection to the Claims filed by Nebraska Department of Revenue (the "DOR Claims"). *See* Docket Nos. 1631 & 1798. Further, out of an abundance of caution, the Plan Administrator seeks additional time to review the Debtors' records to confirm the status of all Claims before the Claims Objection Bar Date is permitted to expire.

## RELIEF REQUESTED

12. By this Motion, the Post-Effective Date Debtors request that the Court further extend the Claims Objection Bar Date to February 1, 2023, without prejudice to the Post-Effective Date Debtors' right to request further extensions.

## BASIS FOR RELIEF

13. As noted above, the Claims Objection Bar Date is currently set to expire on July 6, 2022. Article I.A.24 of the Plan expressly contemplates extension of the Claims Objection Bar Date by order of this Court. *See* Plan, Art. I.A.24.

14. Moreover, Bankruptcy Rule 9006(b) permits bankruptcy courts to extend deadlines and provides, in relevant part, that:

> ***when an act is required or allowed to be done at or within a specified period by*** these rules or by a notice given thereunder or ***by order of court***, the court ***for cause shown*** may at any time in its discretion ... with or without motion or notice ***order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order***.

Fed. R. Bankr. P. 9006(b) (emphasis added). Additionally, section 105 of the Bankruptcy Code provides that bankruptcy courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. See 11 U.S.C. § 105(a).

15. The Post-Effective Date Debtors respectfully submit that cause exists to further extend the Claim Objection Bar Date to February 1, 2023 because the requested extension is necessary to the efficient administration of the Estates and in the best interests of creditors.

16. Nearly 1,200 Claims have been filed against the Debtors, in addition to hundreds of scheduled Claims. As discussed above, the Plan Administrator has worked diligently since the Plan Effective Date on reconciling these Claims, filing omnibus objections to Claims, and also resolving Claims informally with creditors. This effort resulted in the Plan Administrator being able (i) to pay all Allowed secured, administrative and priority Claims; (ii) to make four interim distributions to holders of Allowed General Unsecured Claims in December 2018, September 2019, July 2020 and October 2021 in the aggregate amount of 16%, with possibly one more interim distribution contemplated before a final distribution is made prior to the closing of the bankruptcy case; and (iii) to narrow the disputed Claim pool to the DOR Claims for which an objection is pending.

17. Notably, the 16% distribution thus far exceeds the projected recovery set forth in the Debtors' Disclosure Statement. Extending the Claims Objection Bar Date has been instrumental in allowing the Plan Administrator to continue the claim reconciliation and resolution process and work to increase distributions to creditors.

18. Notwithstanding the progress that has been made, the claims reconciliation, as well as, the various other matters arising the post-confirmation administration of the Estates is time consuming and additional work remains. The remaining Disputed Claims relate to sales and use taxes owed to the State of Nebraska that the parties need additional time to attempt to resolve consensually.

19. The resolution of the DOR Claims is contingent on, among other things, completion of an ongoing sales and use tax audit and the filing of refund and credit claims under the Nebraska Advantage Act ("LB312") and Employment and Investment Growth Act ("LB775"). The Post-Effective Date Debtors and the Nebraska Department of Revenue have been working cooperatively and diligently, including exchanging information, to narrow the issues pertaining to the sales and use tax audit and the tax benefits, including refunds estimated to be in excess of $1 million, the Post-Effective Date Debtors are entitled to receive under the LB312 and LB775 tax incentive programs. This has recently resulted in settlement proposals being discussed and evaluated by the parties that will resolve the sales and use tax audit and determine the tax benefits the Post-Effective Date Debtors are entitled to under LB775. However, while meaningful progress has been made additional time is needed to finalize a consensual resolution of these matters.

20. An additional extension of the Claims Objection Bar Date will not prejudice any claimant or other party in interest; nor is such extension sought for purposes of delay. Rather, the

extension will afford the Plan Administrator the additional time it needs to continue pursuing a resolution of the DOR Claims, to ensure the claims reconciliation process is completed in a fair and thorough manner and no creditor obtains an improper or unwarranted recovery, and, ultimately, to further the goal of preserving value for creditors. Moreover, the extension of the Claims Objection will permit the Plan Administrator the necessary breathing room to continue overall efficient administration of the Estates until all recoveries are achieved for the benefit of creditors.[3]

21.　Based on the foregoing, further extending the Claims Objection Bar Date to February 1, 2023 is necessary and in the best interests of the Estates and their creditors.

## RESERVATION OF RIGHTS

22.　The Post-Effective Date Debtors and the Plan Administrator expressly reserve the right to seek further extensions of the Claims Objection Bar Date as appropriate.

## NOTICE

23.　Notice of this Motion has been provided to: (i) the Office of the United States Trustee for Region 13; and (ii) those parties that have requested notice pursuant to Bankruptcy Rule 2002, as required under the Plan. Considering the procedural nature of the post-confirmation relief requested herein, the movant submits that such notice is sufficient under the circumstances and that no other or further notice is required.

WHEREFORE, for the reasons stated, the Post-Effective Date Debtors respectfully request that this Court enter an order: (i) further extending the Claims Objection Bar Date to February 1, 2023, without prejudice to the Post-Effective Date Debtors' right to seek additional extensions of

---

[3] While the Plan Administrator has received all tax refunds owed to the Post-Effective Date Debtors by the federal government, the Plan Administrator is awaiting receipt of certain tax refunds from the State of Nebraska, the timing and magnitude of which are dependent on the resolution of the sales and use tax audit and disputes associated with the tax benefits the Post-Effective Date Debtors are entitled to receive under the LB312 and LB775 tax incentive programs.

such deadline as appropriate; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: June 7, 2022                       Respectfully submitted,

*/s/ Douglas L. Lutz*
Douglas L. Lutz, Esq. (admitted *pro hac vice*)
Ohio Bar No. 0064761
Erin Severini, Esq. (admitted *pro hac vice*)
Ohio Bar No. 0091487
**FROST BROWN TODD LLC**
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
513-651-6800 Telephone
513-651-6981 Facsimile
dlutz@fbtlaw.com
eseverini@fbtlaw.com

 -and-

Brian J. Koenig, #23807
**KOLEY JESSEN P.C., L.L.O.**
1125 South 103rd Street, Suite 800
Omaha, NE 68124
(402) 390-9500 Telephone
(402) 390-9005 Facsimile
Brian.Koenig@koleyjessen.com

*Counsel to the Post-Effective Date Debtors and Plan Administrator*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2022, a copy of the foregoing was served electronically through the court's ECF System to all CM/ECF system participants.

*/s/ Douglas L. Lutz*
